ON REHEARING
PER CURIAM.
On original hearing, we reversed the conviction of these defendants because the State presented evidence of another crime and we found that it was not relevant to any matter properly before the Court.
We granted rehearing because of the possibility that the evidence of that incident was not actually evidence of a crime and while irrelevant, perhaps nondamaging.
Upon reconsideration we conclude that our original opinion was not in error. The proven conduct was at least evidence of the crime of carrying a concealed weapon' (R.S. 14:95), and it was presented by the State in an effort to prove an attempted armed robbery, for the State labeled the conduct as such in opening argument, (Transcript p. 80) and in closing argument (Transcript p. 309).
Evidence of other crimes is not admissible in a criminal prosecution where it is not relevant to show system, intent or knowledge. State v. Prieur, 277 So.2d 126 (La. 1973). In this case, it was not relevant and it was prejudicial.
We therefore reinstate our original decree. The convictions and sentences are reversed and the case is remanded for a new trial.
Original decree reinstated.
SANDERS, C. J., and SUMMERS and MARCUS, JJ., dissent.