BARHAM, Justice.
Alvernis Jenkins was charged by bill of information with simple burglary of the Baton Rouge Savings and Loan Association in violation of La.R.S. 14:62. He was tried before a jury, convicted, and sentenced to eleven years’ imprisonment at hard labor. On appeal to this Court, defendant relies upon six bills of exceptions.
BILLS OF EXCEPTIONS NOS. 1, 2, and 3
The first three bills of exceptions were reserved when the trial judge admitted into evidence a knife allegedly found in the defendant’s possession when the police searched him subsequent to his arrest. The defendant’s argument that the knife was inadmissible rests on two premises. The first of these is that the knife was evidence of another crime, i. e., violation of La.R.S. 14:95, and was therefore inadmissible unless introduced to show system, motive or intent, which the State did not use it to prove. The defendant urges application of the State v. Prieur guidelines. 277 So.2d 126 (La.1973). We hold that there need be no application of State v. Prieur. From a review of the record we have ascertained that the knife was not concealed, but rather plainly visible; further, it was not the type of knife proscribed by La.R.S. 14:95, subd. A (4). There, its possession does not constitute a violation of that statute on either count and consequently it was not evidence of another crime.
The second premise on which defendant bases this argument is that the knife was irrelevant and in no way connected to the charge of simple burglary because the State did not attempt to prove that it was in any way connected with the *785 offense. He urges that because of this, compounded by its tendency to prejudice the jurors, the knife should have been held inadmissible evidence. We reject the irrelevancy argument because a knife is an item that could have been used in furtherance of the crime of simple burglary. The knife was taken from the person of the defendant when he was arrested. It was in plain view in his belt in the small of his back. Defendant’s shirt had been removed as it was wrapped around his forearm and hand. The knife is a part of the totality of evidence forming the res gestae.
We hold these three bills of exceptions to be without merit.
BILL OF EXCEPTIONS NO. 4
This bill was reserved when the trial judge permitted the State’s attorney on re-cross-examination to ask the defendant several questions pertaining to the defendant’s refusal to sign a rights waiver form after he was given his Miranda warnings at the police station. Defendant asserts that the questions were improper references to his exercise of constitutionally guaranteed rights and that they created an inference of his guilt to the jury. The State’s response is that the questions were for the sole purpose of showing a direct contradiction between the defendant’s account of the events following the alleged burglary and the accounts of the two police officers who apprehended him. This cross-examination infringed in no way upon constitutional rights of this defendant.
This bill is without merit.
BILL OF EXCEPTIONS NO. 5
After the State concluded its rebuttal evidence, the defense requested the court’s permission to call one more witness. Upon the trial judge’s refusal, this bill was reserved. The defendant urges that the trial judge abused the discretion vested in him under C.Cr.P. Art. 765(5), which allows the court discretion to permit the introduction of additional evidence prior to argument. In his per curiam to this bill of exceptions, the trial judge notes that the witness whom the defendant sought to call was the defendant’s mother, who was present in the courtroom throughout the trial. Therefore, not only was she not sequestered like the other witnesses, but also the defendant had ample prior opportunity to call her. We hold that the trial judge in no way abused his discretion in refusing to permit the defendant to call this additional witness.
BILL OF EXCEPTIONS NO. 6
This bill was reserved in response to the trial court’s denial of defendant’s motion for a new trial on-the grounds of newly discovered evidence. The evidence in question concerned testimony relating to the credibility of one of the State’s principal witnesses, Officer Steely. This infor-, mation was allegedly discovered accidentally one evening during conversation with a house guest of defense counsel. C.Cr.P. Art. 854(1) requires a showing by the defendant that “notwithstanding the exercise of reasonable diligence by the defendant, the new evidence was not discovered before or during the trial . . . ” before a trial judge can grant a motion for a new trial based on that ground. Because defense counsel knew months in advance that Officer Steely was to be one of the two principal witnesses in the State’s case, and because his testimony was entirely corroborated by Officer Hunt’s testimony, the trial judge ruled that the defense counsel failed to use due diligence in obtaining the evidence as required by Art. 854. The trial court also ruled that an attack of the credibility of Officer Steely would not have changed the verdict. Counsel in his motion for new trial simply attached an affidavit by an individual that to affiant’s knowledge, Officer Steely had a bad reputation for credibility. This is not sufficient to require a new trial under an allegation of newly discovered evidence. We hold that the trial judge did not abuse the discretion vested in him, and this bill is without merit.
Conviction and sentence are affirmed for the reasons assigned.