BARHAM, Justice.
The defendant was'charged with simple burglary, convicted, and sentenced to nine years at hard labor in the custody of the Louisiana Department of Corrections. On this appeal he relies upon nine bills of exceptions.
BILLS OF EXCEPTIONS NOS. 1 AND 2
Defendant claims error when the trial judge refused to excuse two prospective jurors for cause. Without analyzing the correctness of the trial judge’s ruling, we find no merit in these bills of exceptions since the defendant did not exhaust his peremptory challenges. C.Cr.P. art. 800 provides:
“A defendant cannot complain of a ruling refusing to sustain a challenge for cause made by him, unless his peremptory challenges shall have been exhausted before the completion of the panel.”
BILLS OF EXCEPTIONS NOS. 3, 4 AND 6
Prior to trial the State, in accordance with the requirement of State v. Prieur, 277 So.2d 126 (La.1973), submitted to the defendant notice that it would introduce evidence of other criminal offenses for the purpose of showing that each offense was a part of a common system under La.R.S. 15 :446. From the meager evidence which is attached to these bills, and from the per curiams we determine that on the same night the Big “D” Drive-In, a neighboring business, was the target of an attempted burglary. A hammer and screwdrivers were found at the rear entrance of the Big “D” Drive-In, where entry into that building was attempted. The hammer and screwdrivers were identified as property which had been taken from Square *618 Deal Motor Company, the place of business which defendant is charged with burglarizing. First, the per curiam points out that one of the objections was premature. Second, the hammer and screwdrivers were admissible as property taken in the burglary for which the defendant was charged. We have repeatedly held that highly probative evidence is not to be excluded simply because its introduction relates the evidence to another offense. Bills 4 and 6 actually do not present prior offense questions under La.R.S. 15:445 and 15:446. If they had, defendant cannot complain because the Prieur requirements had been met and because of the great probative value of the evidence introduced.
Bills of Exceptions Nos. 3, 4 and 6 are without merit.
BILL OF EXCEPTIONS NO. 5
This bill was reserved upon defendant’s complaint of improper- re-direct examination. The per curiam of the court correctly shows that defendant’s counsel had opened the door for the direct examination in his own cross-examination of the witness. The evidence elicited was insignificant. The objection was without merit and even if it were meritorious it would not present an error requiring reversal.
BILL OF EXCEPTIONS NO. 7
Defendant reserved this bill of exceptions to the trial court’s ruling that a taped confession which the State sought to introduce into evidence was freely and voluntarily given. Defendant contends that inconsistencies in the testimony of the two officers who conducted the interrogation, the fact that 20 or 30 minutes elapsed between the time the defendant and the two officers entered the interrogation room and the time that the recordation of the confession commenced show that the statement was not freely and voluntarily given.
We have carefully reviewed the entire testimony relative to the issue of the vol-untariness of defendant’s confessions. We concur in the trial court’s assessment, reflected in the per curiam- to this bill, that defendant was “ * * * fully aware of his rights, understood the explanation of rights given, signed a ‘Miranda’ waiver, intelligently and voluntarily talked with the officers without duress, persuasion, promises or inducements * *
This bill of exceptions is wholly without merit.
BILL OF EXCEPTIONS NO. 8
This bill was reserved when the trial court overruled defendant’s objection to the prosecutor’s use of the word “confession” in referring to the taped statement introduced in evidence during the trial. At the time that the trial court was determining, out of the jury’s presence, the free and voluntary nature of the statement, an objection was made to the officer’s reference to the statement as a “confession.” The witnesses, the two officers, were instructed not to refer to the statement as a “confession” when the prosecution elicited their testimony to lay the predicate for admission of the statement in the jury’s presence.
At the time that the prosecutor referred to the statement as a “confession” in closing argument, however, the statement had already been introduced into evidence and the jury was aware that its contents constituted a confession of guilt. Under these circumstances, the prosecutor’s reference was not error.
BILL OF EXCEPTIONS NO. 9
This bill was reserved during the State’s closing argument when the defendant objected that argument of the prosecutor exhibited a personal animosity between the prosecutor and the defense counsel and prejudiced defendant’s right to a fair trial. The defendant’s objection was overruled. A review of the references made^by the prosecutor clearly indicates that the State *619 was doing no more than presenting its version of the evidence and that the remarks were fair and permissible rebuttal to closing arguments made, by defense counsel. Moreover, the record reflects that defense counsel himself^not the prosecutor, injected the element of personal animosity. This bill of exceptions lacks merit.
We have examined the pleadings and proceedings for errors. Finding no errors on the face of the pleadings and proceedings, and no merit in the bills of exceptions, the conviction and sentence are affirmed.