318 So.2d 24 (1975)
STATE of Louisiana, Appellee,
v.
Hal BROWN, Jr., Appellant.
No. 56097.
Supreme Court of Louisiana.
September 5, 1975.
Aubrey E. Pate, Kenner, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Woodrow
*25 W. Erwin, Dist. Atty., Julian J. Rodrigue, Asst. Dist. Atty., for appellee.
TATE, Justice.
The defendant appeals from a conviction of indecent behavior with a juvenile, La.R.S. 14:81, and a sentence to two years in the parish prison, suspended.
The prosecutor concedes that we must reverse this conviction on the defendant's first assignment of error unless we are willing to overrule State v. Prieur, 277 So.2d 126 (La.1973). In the 1974 trial, over objection the State introduced evidence of another unrelated sex offense although it had not given the defendant advance notice of its intent to do so, in violation of Prieur. If admissible despite this failure, the purpose of the evidence was to show criminal intent to commit the crime charged, i.e., by showing a similar purpose to a similar act in the past, one of the limited purposes for which evidence of other crimes is admissible in aid of proof of guilt of the crime charged, La.R.S. 15:445, 446.
We are unwilling to overrule Prieur. It is our belief that the decision is a valid interpretation safeguarding the legislative intent of La.R.S. 15:445, 446, and the general principle of our criminal procedure that the accused should be convicted on evidence of the crime with which he is charged, not because of his possible bad reputation or of his possible guilt of conduct independent of the offense for which tried.
For the reasons assigned, the conviction is reversed and the case is remanded for a new trial in accordance with law.
Reversed and remanded for a new trial.
SANDERS, C.J., dissents. See dissent in State v. Prieur, La., 277 So.2d 134.
SUMMERS and MARCUS, JJ., dissent.