SCHOTT, Judge.
The defendant was indicted for the July 10, 1982 second degree murder of Debra Age. Defendant pleaded not guilty and not guilty by reason of insanity and he asserted that his intoxication prevented him from forming the necessary intent to commit the offense. The matter is before us on an application by the state for writ of certiora-ri to review a ruling by the trial court that evidence of a prior aggravated assault by the defendant on Age was inadmissible.
Following notice by the state of its intention to produce the evidence of the prior offense in accordance with the procedures outlined in State v. Prieur, 277 So.2d 126 (La.1973) a hearing was conducted at which Wilma Mitchell testified concerning an incident which occurred in May, 1982, in the bar and restaurant owned by Age and her husband. Mitchell testified as follows: Defendant was employed by Age to work at the bar. Following complaints from customers about defendant, Age decided to retrieve from him the keys to the premises. She encountered defendant in the kitchen behind the bar where an argument and fight ensued between the two. Mitchell and her escort, Lloyd Williams, went to the kitchen to intervene. Williams grabbed defendant and threw him against a wall, whereupon defendant drew a gun and fo *802 cused it on Williams after instantaneously pointing it at Age. When defendant continued to point his gun at Williams and refused to give up the keys, Age told them to forget the keys and said she would close up. She turned off the lights and the three left the kitchen and made their way out of the darkened bar. As Mitchell reached the front door another scuffle ensued and Age screamed at Williams that defendant had the gun again. After a scuffle Williams got the gun and Age got her keys as defendant kicked and cursed at the three of them. In Making his ruling that evidence of this alleged assault by defendant on Age was inadmissible the trial court states that:
The prejudicial effect of this evidence would outweigh any probative value and it was not the type of incident which the jurisprudence permits to be introduced. He reasoned that the facts and circumstances under which this alleged pulling of the gun occurred without any verbal threat being made against Age, the alleged victim in the murder in this case, and where defendant turned the gun on Williams who was trying to assist in getting the keys, not the type of factual basis upon which the state can introduce such evidence of an extraneous offense.
The general rule is that the state may not introduce evidence of another criminal act of the defendant unless the evidence is substantially relevant for some other purpose than to show a possibility that he committed the crime on trial because he is a man of criminal character. Such evidence may be relevant to show that the act on trial was not inadvertent, accidental, unintentional, or . without guilty knowledge. In order for such evidence to be admissible to prove intent, or for another permissible purpose, there must be a real and genuine contested issue of intent at trial and the probative value of the evidence must outweigh its prejudicial effect. State v. Monroe, 364 So.2d 570 (La.1978) and cases cited therein.
The state argues that Mitchell’s testimony is admissible because it shows that defendant had the habit of carrying a gun and was not adverse to drawing it on another person, specifically Age, whom he later killed. However, the testimony shows that the gun was drawn by defendant primarily in defense against Williams and that the alleged assault on Age was but a momentary pointing of the gun at her while defendant moved it in the direction of Williams. Further, the state argues that the evidence reflects specific malice and ill will on defendant’s part toward Age such as to prove his later specific intent to kill her, but this conclusion is not supported by the evidence. He was provoked into drawing the gun when he was manhandled by Williams and his apparent intent was not to use the gun on Age but to defend himself against Williams. In the final analysis, the state’s argument is based on its version of the facts that defendant, just two months prior to the time of his alleged murder of Age, committed deliberate aggravated assault on her, but the trial judge did not draw the same inference from the evidence presented. We are not convinced that the trial judge committed manifest error in reaching his conclusion.
Finally, the state relies on State v. Abercrombie, 375 So.2d 1170 (La.1979) to support the introduction of the evidence, but that case is inapposite. There the questioned evidence had direct probative value to show the defendant’s motive for killing his victim. Intent was not an issue in the case.
Accordingly, the judgment on review is affirmed.
AFFIRMED.