The defendant is charged with selling obscene materials, R.S. 14:106(A)(3). The State filed a Notice of Intent to Introduce Evidence of Similar Acts of Defendant to Prove Knowledge, System and Intent (“Pri-eur” Notice). This evidence consists of the defendant’s four previous convictions for selling obscene movies and books. The trial *1000 court denied the motion and the State is seeking writs and a stay order.
The State cannot introduce evidence of other criminal acts unless the evidence is substantially relevant for some other purpose (i.e., independent relevance) than to show a probability that the defendant committed the crime on trial because of his criminal character. State v. Kahey, 436 So.2d 475 (La.1983). LSA-R.S. 15:445 and 15:446 provide that evidence of other criminal acts may be introduced to show intent, knowledge or system. State v. Prieur, 277 So.2d 126 (La.1973).
The State argues that the evidence of similar acts has independent relevance because it is probative of the defendant’s intent to sell obscene material. See LSA-R.S. 14:106(A)(3). The State contends that this evidence will prove that the defendant possessed the requisite intent required in a prosecution for the sale of obscene materials.
In State v. Kahey, supra, the court said that before evidence of other crimes is admitted to prove intent, three prerequisites must be satisfied: (1) the prior acts must be similar; (2) there must be a real and genuine contested issue of intent at trial, and (3) the probative value of the evidence must outweigh its prejudicial effect.
In this case the first prerequisite is satisfied. The prior acts were virtually identical to the instant charge, particularly the convictions for sale of obscene books. There is doubt, however, as to whether the defendant’s intent is “a real and genuine contested issue at trial.” The defendant has not alleged that he was unaware of the nature of the magazine or that he did not possess “guilty knowledge” which is an essential element of the crime of obscenity. It’s possible during trial the defendant may raise certain defenses, whereby “intent” would become a contested issue.[1] The defendant’s plea of not guilty, without more, however, does not make “intent” a real and genuine contested issue. State v. Martin, 377 So.2d 259 (La.1979).
The crucial inquiry is with the third prerequisite. Evidence that this defendant sold obscene material on four previous occasions appears to have little relevance to whether he knew that “Woman on Woman” contained obscene material. The probative value of this evidence is far outweighed by the strong prejudicial effect of this evidence at trial. It appears that the State is attempting to impeach the character of the defendant by introducing evidence of his criminal disposition without the defendant placing his character at issue. This is not permitted by the jurisprudence of this State. State v. Prieur, supra.
The trial judge correctly concluded that these facts are not within the ambit of Prieur.
WRIT DENIED.

. The State admits that the cover of “Woman on Woman” depicted “ultimate sexual acts” which constitutes obscene material under LSA-R.S. 14:106. It would appear that Sha-heen would not argue (as a defense) that he was unaware that the magazine contained obscene photographs.