GAUDIN, Judge.
Dion and Clarence Clements, brothers, were convicted of armed robbery in the 24th Judicial District Court and each was sentenced to 25 years at hard labor without benefit of parole, probation or suspension of sentence.
On appeal, they assign two district court errors:
(1) the trial judge erred in allowing the testimony of a witness, Scott Howard, without prior notice to the defense, and
(2) the trial judge wrongly permitted testimony pertaining to evidence of similar acts.
These assignments of error have no merit and there are no errors patent. The convictions and sentences are affirmed.
On February 19, 1986, Janella Hoffman was driving to her home in Harvey, Louisiana from St. Jude Hospital in Kenner when she was robbed. She testified that she stopped her automobile because a following vehicle had a flashing blue light and she thought it contained police officers.
A man, later identified as Clarence Clements, approached the victim and asked for identification and car registration papers. Because Clarence Clements was in plain clothes, the victim became suspicious and asked for his identification card, whereupon Clarence Clements held a pistol to the victim’s head and took her necklace and ring. Clarence Clements then told the victim to start running, which she did. Clarence Clements shot at the victim but missed.
Clarence Clements got into the victim’s auto and started driving, followed by the car with the blue flashing light on its dashboard, being driven by a man later identified as Dion Clements. While on routine patrol, two New Orleans policemen saw the two cars. Because the one with the blue light was not a police unit, the two officers *237 followed the vehicles. The first automobile drove down Whitney Avenue while the second car (with the blue light) took a right toward Behrman Park. The police vehicle followed the second car, which entered the park, hit a mud puddle, spun around and came to a stop. Three men jumped from the car and started running.
During the chase, another police unit was called in for assistance. The officers in the second unit apprehended Howard but the remaining two subjects escaped.
Howard testified for the prosecution at Clements’ trial. He said that after drinking alcoholic beverages, he had fallen asleep in the back seat of Clements’ car the night the crime was committed. When he awoke, he saw the flashing blue light on the dashboard. Clarence Clements was outside of his auto talking to the robbery victim. Howard said that Clarence Clements told the woman to run, then fired his pistol. Howard emphasized, under cross examination, that he had nothing to do with either the planning or execution of the armed robbery. “I had no intention,” he said, “of going out and robbing and hurting nobody.”
Asked why he was testifying against his friends, the Clements brothers, Howard answered: “Because I don’t see why I should go to jail for something I didn’t do.”
Howard was not officially charged with armed robbery in Jefferson Parish. He testified that he was convicted in Orleans Parish of possession of stolen property and placed on probation. Behrman Park is in Orleans Parish.
The record does not conclusively indicate whether Howard was arrested, either in Jefferson or Orleans, for armed robbery. The prosecuting attorney, at one point during the trial, said that Howard had been "... arrested in this case.” Later, however, the assistant district attorney stated:
“Your Honor, just to make the record clear, Howard was not arrested on this charge (armed robbery).”
It could be that Howard was arrested for possession of stolen property in Orleans but not arrested for armed robbery or anything else in Jefferson. In any event, the record is devoid of any proof, one way or the other.
Howard did describe the vehicular chase, which culminated in his capture in Behr-man Park.
ASSIGNMENT NO. 1
In this assignment of error, appellants cite LSA-C.Cr.P. arts. 722 and 768 and State v. Eaker, 380 So.2d 19 (La.1980), and complain because they did not have adequate notice that Howard would be a witness for the state. Howard, it is argued, was a “codefendant” within Art. 722’s meaning and intent and consequently his inculpatory statement should have been brought to the attention of defense counsel.
Art. 722 reads:
“Upon motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to inspect and copy, photograph or otherwise reproduce any relevant written or recorded confessions or inculpatory statements made by a codefendant and intended for use at trial. Exculpatory evidence shall be produced under this article even though it is not intended for use a trial.”
Art. 768 further provides:
“Unless the defendant has been granted pretrial discovery, if the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the state’s opening statement. If it fails to do so a confession or inculpatory statement shall not be admissible in evidence.”
Appellant’s reliance on these articles and State v. Eaker, supra, is misplaced. Howard was not a defendant or codefendant and he did not, as far as the record shows, give any written or recorded statement, inculpatory or otherwise. During the discovery process, the defense was able to examine the entire prosecution file.
Howard was a witness called by the prosecution and, generally, the defense has no right to pretrial discovery of a state’s wit *238 ness. See LSA-C.Cr.P. art. 723 and State v. Stucke, 419 So.2d 939 (La.1982).
Nonetheless, appellants contend that in the context of pretrial discovery, the word “defendant” should be broadly defined, at least broad enough to include all those actually arrested. In addition, appellants suggest that the Jefferson Parish District Attorney may have circumvented his statutory discovery obligations by not formally charging Howard with armed robbery.
These arguments run afoul of clearly established facts and circumstances of this case. There was no showing that Howard was responsible for any Art. 722 written or recorded confessions or statements and there is no evidence that he said or did anything to implicate himself in a Jefferson Parish armed robbery.
ASSIGNMENT NO. 2
In appellants’ second assignment of error, they object to the “... substantial amount of testimony pertaining to evidence of other acts ...” Specifically, the Clements find fault with the testimony of New Orleans police officer Stephen Villere, who described his pursuit of the car with the flashing blue light.
Appellants point to State v. Prieur, 277 So.2d 126 (La.1973), and say that a proper foundation was not laid.
Officer Villere’s testimony was about things he saw and did during the chase. This evidence forms part of the res gestae, admissible under LSA-R.S. 15:447, which is as follows:
“Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence.”
Under Prieur, no notice is required for acts which are part of the res gestae.
Appellants’ convictions and 25-year sentences are affirmed.
AFFIRMED.