| JOHNSON, J.,
would grant the writ for the following reasons.
In the instant matter, defendant was convicted of the crime of second-degree murder for his participation in a drug-related robbery. During trial, the State introduced a copy of defendant’s arrest warrant to the jury along with a copy of defendant’s juvenile adjudication record for an armed robbery. The introduction of defendant’s juvenile record was contrary to the procedural protections afforded by La. C.E. art. 404(B)(1) and he was not given a hearing as required by State v. Prieur, 277 So.2d 126 (La.1973). Defendant contends that the introduction of his juvenile offense record led to his subsequent conviction, and that such error was not harmless.
This Court has stated unequivocally that a juvenile who has been adjudicated delinquent has not been convicted of a crime. In re C.B., 97-2783, (La.3/4/98) 708 So.2d 391, 400. The juvenile system is distinguishable from the adult criminal system in that juvenile delinquency proceedings are considered “civil” in nature, and juveniles are therefore not automatically entitled to the constitutional safeguards afforded to adults. In re C.B., 708 So.2d at 397. Juvenile offenders and adult offenders with juvenile records have become 1 ¡¡ensnared in a jurisprudential quagmire that limits the procedural safeguards available during juvenile proceedings, then allows the introduction of truncated juvenile adjudication records in subsequent criminal proceedings.
This Court recently held in State v. Quincy Brown that a juvenile adjudication record could not be considered a “prior conviction” for sentence enhancement purposes. State v. Brown, 03-2788, (La.7/6/04), 879 So.2d 1276, 1283-84. Further, this Court found that
“it would be incongruous and illogical to allow the non-criminal adjudication of a juvenile delinquent to serve as a criminal sentencing enhancer. To equate this adjudication with a conviction as a predicate offense for purposes of the Habitual Offender Law would subvert the civil trappings of the juvenile adjudication to an extent to make it fundamentally unfair and thus, violative of due process.” Brown, at 1289.
To find that the introduction of a defendant’s juvenile adjudication record before the jury during the guilt phase, as this Court does now, is to turn the holding of Broum on its head. It is both “illogical” and “incongruous” to find the introduction of juvenile adjudication records during the penalty phase to enhance a properly rendered guilty verdict “fundamentally unfair”, while finding that the introduction of the self-same records during the guilt phase, without benefit of a Prieur hearing, do not violate the defendant’s right to a fair trial. The integral purpose of a Pri-eur hearing is to grant the defendant the *512 opportunity to test the relevancy, admissibility and probative value of other crimes evidence prior to its introduction at trial, since evidence of previous criminal activity may have a prejudicial effect on the trier. State v. Prieur, 277 So.2d 126, 128 (La.1973).
lain my mind, this is not harmless error. Therefore, I would reverse the defendant’s conviction and sentence and remand this case to the district court for a new trial.