On Supervisory Writ to the Criminal District Court, Parish of Orleans

STAY LIFTED; WRIT GRANTED IN PART, DENIED IN PART.
|/We find no abuse of discretion on the part of the trial court in denying'the defendant’ motion for continuance; therefore, defendant’s writ application insofar as it alleges error in the denial of a continuance is denied. However, we do find merit to the defendant’s contention that the trial court abused its discretion in granting the State’s Prieur notice in the absence of any evidence establishing that the defendant committed the other crimes, wrongs or acts sought to be introduced. If the State intends to offer other crimes evidence at trial, it must provide the defendant with notice and a hearing before trial. State v. Prieur, 277 So.2d 126, 130 (La.1973). In addition, the State must: prove that the defendant committed the ■ other acts. Id.; State v. Galliano, 02-2849, p. 2 (La.1/10/03), 839 So.2d 932, 933. In this case, the State failed to introduce any evidence, hearsay or otherwise, to satisfy this burden of proof. Without any evidence before it to support a finding that the defendant committed other crimes, the trial court abused its discretion in ruling the evidence admissible under Prieur. The ruling of the trial court.allowing the other erimes evidence to be introduced pursuant to Prieur is reversed.[1] The case is remanded to the trial court for further proceedings consistent herewith.

. Our ruling is limited solely to the admissibility of the other crimes' evidence under Pri-eur.