CRICHTON, J.,
additionally concurs and assigns reasons.
hi fully agree with the majority, but write separately to emphasize the critical task faced by trial courts in conducting hearings pursuant to State v. Prieur, 277 So.2d 126 (La. 1973) and La. C.E. art. 404(B)(1). “The principle that there is a *298 presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law.” Coffin v. United States, 156 U.S. 432, 453, 15 S.Ct. 394, 403, 39 L.Ed. 481 (1895). Any measures undertaken by the state that might diminish this constitutionally protected guarantee merit careful scrutiny and any evidentiary rules that could infringe on this right require careful tailoring. On the other hand, the state cannot have its hands tied—it must be allowed to put forth relevant evidence in service of fully informing the trier of fact so that it might fulfill its duty. See Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997) (“Evidence thus has force beyond any linear scheme of reasoning, and as its pieces come together a narrative gains momentum, with power not only to support conclusions but to sustain the willingness of jurors to draw the inferences, whatever they may be, necessary to reach an honest verdict. ... Thus, the |aprosecution may fairly seek to place its evidence before the jurors, as much to tell a story of guiltiness as to support an inference of guilt, to convince the jurors that a guilty verdict would be morally reasonable as much as to point to the discrete elements of a defendant’s legal fault.”).
Thus, in Prieur hearings, trial courts face the difficult job of balancing the bedrock presumption of innocence with the vindication of the justice system by performing two essential gatekeeping functions: first, the trial court must decide whether the state will be able to provide sufficient proof of other acts, and second, the trial court must evaluate the state’s motivation in seeking to admit defendant’s prior acts. The presumption of innocence requires that the state attempt to only introduce acts that strictly adhere to the legitimate purposes for which other acts evidence may be used. Trial courts should exercise particular diligence in excluding unfairly prejudicial or irrelevant prior acts. In declining to articulate a specific manner in which every Prieur hearing must be conducted, this Court correctly leaves the scope of the hearing to the sound discretion of the trial court. Logic and fairness dictate that the extent of the hearing required will depend in large part on what the state seeks to introduce. In my view, trial courts must balance these competing interests according to the dictates of justice and fundamental fairness, which is a task they are well-suited to perform.