CRICHTON, J., additionally concurs and assigns reasons. hi concur in the order. I write separately ’ to emphasize that, based on the extremely limited information provided by the state, I cannot determine defendant’s degree of involvement in the prior incident and how that incident relates to the charges against defendant. Some of the state’s allegations may not implicate defendant in prior bad acts committed by him at all, in which case the protections of La. C.E. art. 404(B) and Prieur may not be triggered. State v. Prieur, 277 So.2d 126 (La. 1973). In such ease, however, the evidence must still be relevant and is subject to the balancing test provided in La, C.E. art. 403. Thus, what the state, characterized as a Prieur hearing may be better construed as an ordinary motion in limine. Regardless, based on the state’s showing to date, I cannot find that the evidence is relevant and that its probative value is not substantially outweighed by the danger of unfair prejudice. I nóte, however, that nothing preóludes the state from seeking a new hearing at which it can provide sufficient evidence for the trial court to perform its crucial function as gatekeeper in this capital trial.