STATE OF LOUISIANA

VERSUS

DONALD WARDEN

NO. 24-K-609

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Wiseman

Linda Wiseman
First Deputy, Clerk of Court

January 14, 2025

Linda Wiseman
First Deputy Clerk

**IN RE** DONALD WARDEN

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT, PARISH OF ST CHARLES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE CONNIE M. AUCOIN, DIVISION "C", NUMBER 20,570

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Marc E. Johnson

**WRIT DENIED**

Relator, Donald Warden, seeks review of the 29th Judicial District Court's November 19, 2024 ruling denying his Motion to Quash Because of Misjoinder of Offenses. For the following reasons, we deny the writ.

On March 24, 2021, a St. Charles Parish Grand Jury indicted defendant, Donald Warden, with three counts of sexual battery of a juvenile under thirteen in violation of La. R.S. 14:43.1(A)(2)(C)(2). According to the St. Charles Parish online database, Relator was arraigned and pled not guilty on April 15, 2021.

On September 23, 2024, Relator filed a Motion to Quash Because of Misjoinder of Offenses. In that motion, Relator argued that the three counts, for crimes allegedly committed against three different victims at different times, cannot be joined pursuant to La. C.Cr.P. art. 493.2. He argued that trying the counts together will blend them into one allegation and will be highly prejudicial. Relator referenced *State v. Coston*, 00-1132 (La. App. 4 Cir. 9/5/01), 800 So.2d 907, *writ denied*, 01-2819 (La. 10/4/02), 826 So.2d 1115, and asserted that trying the counts together

invokes all five prongs set forth in *Coston*. Relator argued that the charges must be severed if he is to have a fair trial.

Under Louisiana law, joinder of offenses is addressed by La. C.Cr.P. art. 493. Article 493 allows the joinder of offenses which "are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial." La. C.Cr.P. art. 495.1 further provides if a defendant is prejudiced by the joinder of offenses in the indictment or by joinder for trial, the court may "order separate trials, grant a severance of offenses, or provide whatever other relief justice requires." A misjoinder of offenses may only be urged by a motion to quash the indictment. La. C.Cr.P. art. 495.

> In determining whether prejudice may result from a joinder of offenses, a trial court should consider whether the jury would be confused by the various counts, whether the jury would be able to segregate the various charges and evidence, whether the defendant would be confounded in presenting his various defenses, whether the crimes charged would be used by the jury to infer a criminal disposition, and whether, especially considering the nature of the charges, the charging of several crimes would make the jury hostile.

*State v. Lyles*, 03-141 (La. App. 5 Cir. 9/16/03), 858 So.2d 35, *citing State v. Washington,* 386 So.2d 1368 (La. 1980); *State v. Every,* 96-185 (La. App. 5 Cir. 7/30/96), 678 So.2d 952, 958; *See also Coston*, 800 So.2d at 914. Additionally, the trial court must consider whether prejudice from the joinder of offenses can be mitigated by clear jury instructions and by an orderly presentation of evidence by the State. *State v. Manuel*, 20-172 (La. App. 5 Cir. 6/2/21), 325 So.3d 513, 558, *writ denied*, 21-926 (La. 10/12/21), 325 So.3d 1071. Finally, there is no prejudicial effect from joinder of offenses when the evidence of each is relatively simple and distinct, so that the jury can easily keep the evidence of each offense separate in its deliberations. *State v. Achelles*, 16-170 (La. App. 5 Cir. 12/21/16), 208 So.3d 1068, 1080.

It is well settled that a defendant has a substantial burden of proof when he alleges prejudicial joinder of offenses. *Lyles*, *supra; Manuel*, *supra.* A defendant is not entitled to a severance as a matter of right, rather, the decision is one resting within the sound discretion of the trial court. A denial of a motion to sever will not be overturned absent a clear abuse of discretion. *Id.* In ruling on such a motion, the trial court must weigh the possibility of prejudice to the defendant against the important considerations of economical and expedient use of judicial resources. *State v. Molette*, 17-697 (La. App. 5 Cir. 10/17/18), 258 So.3d 1081, 1091, *writ denied*, 18-1955 (La. 4/22/19), 268 So.3d 304.

Further, piecemeal litigation is not sanctioned by the courts and, where the same witnesses would be called to testify in both trials, judicial economy dictates that there be one trial. *See State v. Hicks*, (La. App. 5 Cir. 10/17/18), 258 So.3d 1039, 1050, *writ denied*, 18-1938 (La. 4/15/19), 267 So.3d 1123. In its determination of whether charged offenses should be severed for trial, the trial court may consider whether evidence of one offense would have been admissible as other crimes evidence at the trial of the other offense. *State v. Maize*, 16-575 (La. App. 5 Cir. 6/15/17), 223 So.3d 633, 646, *writ denied*, 17-1265 (La. 4/27/18), 241 So.3d 306 (citing La. C.E. art. 404 B(1); *State v. Prieur*, 277 So.2d 126 (La. 1973); *State v. Butler*, 08-662 (La. App. 5 Cir. 5/26/09), 15 So.3d 1091, 1102, *writ denied*, 09-1513 (La. 3/5/10), 28 So.3d 1004. However, the fact that evidence of one of the charges would not be admissible under *Prieur* in a separate trial on the joined offense does not, *per se*, prevent the joinder and single trial of both crimes if the joinder is otherwise permissible. *Id*.

Upon review, we find that the trial court did not abuse its discretion in denying Relator's Motion to Quash Because of Misjoinder of Offenses. Based on the facts as presented by the State, Relator has been charged with three counts of committing the same offense of sexual battery of a juvenile under 13 years old against three of his grandchildren while watching television in the victims' living room. Thus, we find

that the counts are of the same or similar character as contemplated by La. C.Cr.P. art. 493 and were, therefore, properly charged in the same bill. Relator also has not presented sufficient evidence that any potential prejudice from the joinder of the offenses cannot be mitigated by clear jury instructions and by an orderly presentation of evidence by the State.

Further, based on the allegations presented in the affidavit for arrest warrant, some of the same witnesses would be called in each of the separate trials. Two of the victims witnessed abuse against the third victim. The district court noted that the evidence of each offense would be admissible at the trial of the other offenses. Thus, judicial economy dictates that there be one trial.

In this writ application, Relator argues that the judge did not give sufficient consideration to two factors, specifically whether the crimes charged would be used by the jury to infer a criminal disposition and whether considering the nature of the charges, the charging of several crimes would make the jury hostile. Relator appears to assert that this Court should be persuaded or bound by the analysis conducted by the fourth circuit in *Coston*, *supra*.

In *Coston*, *after* the defendant's full trial on the merits on four counts of armed robbery, the fourth circuit found that the defendant presented no evidence that the State joined the offenses to show the defendant's criminal propensity, or evidence of jury hostility as a result of the joinder. In *Washington*, 386 So.2d at 1371, the Supreme Court articulated the five-pronged test to determine whether joinder was proper, used in both *Coston* and *Lyles*. The Court explained the trial court *should* weigh the five factors, but "*must* weigh the possibility of prejudice versus the important considerations of judicial economy and administration", and "there *must* be a showing of clear prejudice" in order for the appellate court to reverse the trial court's ruling. (Emphasis added). Therefore, in the instant case, the district court did not commit error when it did not give equal consideration to all five prongs of the test at this stage of the proceedings.

Further, in *Lyles* and the instant case, the defendants have been accused of sexually assaultive behavior against children under the age of seventeen. "When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403." La. C.E. art. 412.2.

> Any inculpatory evidence is "prejudicial" to a defendant, especially when it is "probative" to a high degree. Prejudice limits the introduction of probative evidence of prior misconduct only when it is unduly and unfairly prejudicial. The term "unfair prejudice," as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the fact-finder into declaring guilt on a ground different from proof specific to the offense charged.

*State v. Breaux*, 22-581 (La. App. 5 Cir. 5/10/23), 366 So.3d 727, 735 (citations omitted).

Considering the foregoing, we find that the district court did not err when it surmised that the counts against Relator are of similar character, and evidence regarding Relator's alleged acts against each victim and would be admissible at each trial, if the court were to sever the offenses. Further, we find that the probative value of the cumulative evidence outweighs the danger of undue prejudice on the showing made. Therefore, the district court did not abuse its discretion when it denied Relator's motion to quash. Accordingly, the writ is denied.

Gretna, Louisiana, this 14th day of January, 2025.

**MEJ**
**SMC**
**FHW**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **01/14/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**24-K-609**

CURTIS B. PURSELL
CLERK OF COURT

**E-NOTIFIED**
29th Judicial District Court (Clerk)
Honorable Connie M. Aucoin (DISTRICT JUDGE)
Steven F. Griffith, Sr. (Relator)

**MAILED**
Honorable Joel T. Chaisson, II
(Respondent)
Payal Patel (Respondent)
Assistant District Attorney
Twenty-Ninth Judicial District Court
Post Office Box 680
Hahnville, LA 70057