hTRAYLOR, Justice,
concurring
I agree with the holding of the majority and would affirm the conviction and sentence of the defendant. However, I write separately to address an issue which the majority overlooks: the impact of La.Code Evid. art. 1104 on the admissibility of unadjudicated “other crimes” during the sentencing phase under La.Code Crim. P. art. 905.2 and State v. Brooks, 541 So.2d 801 (La.1989) (Brooks I).
As I read and apply article 1104, the burden of proof required of the state in order to introduce evidence of other crimes has been reduced from “clear and convincing” to “sufficient evidence to support a finding by the jury that the defendant committed the act.”
Louisiana Code of Evidence Article 1104, effective since August of 1994, provides: “The burden of proof in a pretrial hearing held in accordance with State v. Prieur, 277 So.2d 126 (La.1973), shall be identical to the burden of proof required by Federal Rules of Evidence Article IV, Rule 404.”[1]
The U.S. Supreme Court has addressed the burden of proof required for admissibility under Rule 404 and held that “such evidence should be admitted if there is sufficient evidence to 12support a finding by the jury that the defendant committed the similar act.” Huddleston v. United States, 485 U.S. 681, 685, 108 S.Ct. 1496, 1499, 99 L.Ed.2d 771 (1988). This Court interpreted Huddleston in Brooks I and stated that the federal standard was “a mere preponderance of the evidence.” Brooks, 541 So.2d at 813 (citing to Huddleston). However, such a standard was specifically rejected in Huddleston. Huddleston, 485 U.S. at 687, 108 S.Ct. at 1500. The Huddleston court concluded that proving the act by a preponderance of the evidence is not necessary, Id. at 689, 108 S.Ct. at 1501, and went on to explain that the trial court does not weigh credibility and does not make a determination that the government has proven the act by a preponderance of the evidence. Id. at 690, 108 S.Ct. at 1501-02. Instead, “[t]he court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact ... by a preponderance of the evidence.” Id.
Therefore, the burden of proof for admission of other crimes under Prieur and La. Code Evid. art. 404 as modified by art. 1104 is sufficient evidence to support a finding by the jury that the defendant committed the act.
In Brooks I we adopted guidelines “fashioned after those set out in Prieur” for determining admissibility of unadjudicated crimes at the sentencing phase and held that the same burden of proof, clear and convincing, applied equally to both the guilt and sentencing phases of a trial. Brooks, 541 So.2d at 814. Noting that in previous deci *1250 sions involving admission at the guilt phase, we required clear and' convincing'evidence that the defendant had committed the other crimes, this Court concluded that this standard was equally appropriate for the sentencing phase. Id. Following the same reasoning, the Huddleston standard, now applicable at the guilt phase, should likewise apply to the sentencing phase. I find no reason to contravene Brooks I and apply a different standard of admissibility at the sentencing phase of a trial.
Consequently, the first prong of the Brooks I prerequisites for admission of un'ad-judieated crimes should be modified tó: (1) the evidence of defendant’s connection with the commission of the unrelated crime is sufficient to support a finding by the jury that the defendant committed the act. In making this determination, trial courts should follow the guidance from Huddleston as previously discussed. Huddleston, 485 U.S. at 690, 108 S.Ct. at 1501-02.
I agree with the majority that the evidence connecting the defendant to the killing of Lawrence Topham is clear and convincing. Because the evidence is clear and convincing, it 13necessarily meets and exceeds the lower Huddleston standard. I write only to correct what I believe to be a misstatement of the standard of proof required for admissibility of unadjudicated other crimes.

. It has been suggested that the legislature lacked the authority to enact Article 1104 because the legislature can not legislatively overrule the constitutionally based requirements of Prieur. However, a closer reading of Prieur and its progeny shows no connection between the "clear and convincing” standard and the constitution. While the notice requirements and the juiy instruction requirements of Prieur clearly have their roots in the state and federal constitutions, Prieur, 277 So.2d at 130; the clear and convincing standard was this Courts interpretation of La. R.S. 15:445 and 15:446, the precursors to the current article 404(B)(1). Prieur, 277 So.2d at 129. The legislature can, of course, modify a statute.