932 So.2d 660 (2006)
STATE of Louisiana
v.
Henry Lee LEONARD.
No. 2005-K-1382.
Supreme Court of Louisiana.
June 16, 2006.
*661 Charles C. Foti, Jr., Attorney General, Douglas P. Moreau, District Attorney, Premila Burns, Dale R. Lee, Assistant District Attorneys, for applicant.
Manasseh, Gill & Joubert, Baton Rouge, William R. Gill, for respondent.
CALOGERO, Chief Justice.
In this case, we are called upon to determine whether the court of appeal majority applied the proper appellate review *662 to the prosecutor's violation of La.Code Evid. art. 609.1, which, except under limited circumstances, precludes introduction of the details surrounding a prior conviction, though the fact of the conviction and sentence are otherwise admissible for the purpose of assessing the witness's credibility. For the reasons that follow, we find that the court of appeal majority erred in declining to apply the harmless error doctrine to this trial error. Accordingly, we remand the matter to the court of appeal for its determination whether the guilty verdict actually rendered in this trial was surely unattributable to the error and, if necessary, for consideration of the assignments of error pretermitted in the court of appeal opinion.

FACTS AND RULINGS OF THE LOWER COURTS
The defendant, Henry Lee Leonard, was charged with the second degree murder of Kenneth LeDeaux, the boyfriend of his ex-wife, Leola Leonard. There is no factual dispute that the defendant shot and killed Mr. LeDeaux on July 20, 2003, at Leola's place of employment. The major issue at trial, as asserted in defense counsel's opening statement, was whether the defendant had acted in self-defense. On March 18, 2004, the jury necessarily concluded otherwise when it unanimously returned a verdict of guilty as charged of second degree murder.
Before trial, the state had filed a notice of intent to introduce other crimes evidence in accordance with La.Code Crim. Proc. art. 720 and La.Code Evid. art. 404(B)(1). According to its notice and memorandum in support, the state sought to introduce evidence of prior physical violence committed by the defendant against his wife and daughter, to establish intent, pattern, and system, and to rebut any allegation of self-defense or "sudden passion or heat of blood." Specifically, the state sought to introduce evidence that the defendant on July 19, 1998, grabbed and threw his wife, causing her to fall and break her wrist, and that she subsequently filed a petition for a protective order against the defendant, which was dismissed a month later by voluntary motion. The state also sought to introduce an affidavit executed by the defendant later that year for his then employer, the Baton Rouge Police Department, in which he agreed to a suspension and acknowledged the assault on his wife, additional acts of physical violence, and to being in need of anger management counseling and counseling for domestic violence.
Additionally, the state sought to introduce evidence that on March 19, 1999, and December 13, 1999, the defendant beat his minor daughter with a weight-lifting belt, with the first incident resulting in a perforated eardrum, as well as various bruises and welts. The defendant was arrested on December 17, 1999, and charged with second degree battery. On June 1, 2001, the defendant entered a plea of guilty to the reduced charge of simple battery, and his record was subsequently expunged on August 7, 2001.[1]
*663 On December 11, 2003, the district court held a hearing pursuant to State v. Prieur, 277 So.2d 126 (La.1973), and denied admission of the evidence pertaining to the defendant's physical assaults upon his wife and daughter, finding that the two incidents the state sought to introduce were "an attempt to show bad character. It doesn't show any motive, system, intent, knowledge or anything like that. It just shows that he's a person who gets mad." R. Vol. I, p. 243. The state then applied for writs from the district court's pretrial ruling, which the First Circuit and this court both denied. See State v. Leonard, 03-2843 (La.App. 1st Cir.2/19/04), and State v. Leonard, 04-0476 (La.2/26/04), 867 So.2d 707.
At trial under direct examination, the defendant admitted to his previous conviction as follows:
Q. And, Henry, let's get this out right now. For the record is it fair to say that on June 1st of '01 you pled guilty to a misdemeanor simple battery charge; is that correct?
A. That is correct.
Q. And the judge actually sentenced you under article 894; gave you six months parish prison, suspended the sentence, and a hundred dollar fine and court cost; is that correct?
A. That is true; that's true.
Q. And did you plead guilty to that charge?
A. Yes, I did.
Q. And that's a simple battery; is that correct?
A. That was simple battery, yes.
Thereafter, on cross-examination, the following exchange occurred:
Q. Mr. Leonard, let's start first of all talking about the conviction that you have told this jury that you [sic] for simple battery.
A. Yes. I was convicted for simple battery, which I pled to.
Q. And I'm going to read that. "Battery is the intentional use of force or violence upon the person of another." That's what you pled guilty to; is that correct?
A. That is correct.
Q. That was your daughter; your fourteen-year-old daughter was the victim of that battery?
At this point, defense counsel approached the bench and moved for a mistrial on the basis that the prosecutor had exceeded the scope of La.Code Evid. art. 609.1 by inquiring into the details of the conviction even though the defendant had already admitted to the fact of the conviction and sentence.[2] At the bench conference, the prosecutor argued that it was *664 impeachment evidence and that she was merely inquiring into the "complete sentence," which the defendant had not fully recited. The trial court disagreed that the identity of the victim of the prior crime was proper impeachment evidence under Article 609.1, and noted that the defendant had already admitted to the crime on the stand. The trial court then informed the prosecutor that she could go into details regarding the sentence, but that she could not inquire into any details about the facts of the crime. When defense counsel asserted "it's too late," indicating the state should not be allowed to continue with the trial, the trial court responded, "it's not too late. I decide whether it's too late." Thus, without expressly saying so, the trial court effectively denied the defendant's motion for mistrial. When cross-examination resumed, the state questioned the defendant as to the details of his sentence, eliciting that he had been required "to produce ... proof of counseling and domestic violence, a class. . . ."
The defendant appealed his conviction and sentence of life imprisonment assigning four errors.[3] By a split decision, the three-judge panel of the Court of Appeal, First Circuit, reversed the defendant's conviction, on grounds that the prosecutor had improperly inquired concerning other crimes evidence when defendant was on the stand. State v. Leonard, 04-1609 (La. App. 1st Cir.4/27/05), 915 So.2d 829.
The court of appeal majority did not base its reversal of the defendant's conviction on a specific finding that the trial court's error was not harmless under the standard articulated in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and later refined in Sullivan v. Louisiana, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993).[4] Instead, the lead opinion initially found that the prosecutor's comment fell within the scope of La.Code Crim. Proc. art. 771, because the prosecutor's reference to the victim of the earlier crime was not a per se reference to another crime, given that the other crime had already been referred to on direct examination of the defendant by his counsel.[5] Nonetheless, the lead opinion *665 concluded that reversal of the conviction was merited in this case, because the trial court had "abused its discretion in not granting a mistrial based on the prosecutor's calculated violation of the trial court's order, resulting in the denial of the defendant's right to a fair trial." Leonard, 04-1609, p. 14, 915 So.2d at 836. Responding to the state's argument that, had it not "clarified" that defendant's daughter was the victim in his simple battery conviction, the jury might have assumed that his spouse was the victim because of the domestic violence counseling portion of the sentence, the lead opinion found that the distinction of whether the battery victim was defendant's ex-wife or his daughter scarcely mattered, and that the state's reasoning for exposing the "one small detail" that defendant beat his own child and was convicted of it was not persuasive. In reversing the conviction, the lead opinion stated: "If we do not enforce a ruling designed to ensure a defendant a fair trial in a case where the prosecutor violated a specific instruction to adhere to the ruling, we cannot expect fair trials." Id. Thus, the lead opinion essentially found that reversal was merited when the state intentionally violates a pretrial ruling regarding other crimes evidence.
The concurring judge agreed that reversal of the conviction was warranted. However, he reasoned that the prosecutor's identification of the victim in violation of the trial court's Prieur ruling fell within the scope of La.Code Crim. Proc. art. 770, which requires that a mistrial "shall be ordered," and, therefore, no discretion was afforded the trial court in ruling upon such a request.[6] Although he considered the erroneous admission of the evidence to be harmless, he believed the trial court's refusal to grant the mandatory mistrial under Article 770(2) was not subject to harmless error review, noting that "we are all of us under a duty to follow the law." Leonard, 04-1609, 915 So.2d at 837-38, Hughes, J., concurring.
The dissenting judge agreed that the prosecutor's conduct was inappropriate, unnecessary, in contravention of the trial court's specific pretrial ruling, and intentionally made to show the defendant's bad character. Leonard, 04-1609, 915 So.2d at 838-39, Whipple, J., dissenting. However, the dissenting judge examined the improper admission of the evidence for harmless error, and concluded that there was no indication the defendant had not received a fair trial and that the guilty verdict was unattributable to any error in the admission *666 of this "one detail" of the defendant's prior conviction. The dissenting judge was convinced beyond a reasonable doubt that a retrial was not warranted. Id.
We granted the state's writ application seeking review of the majority's reversal of the conviction. State v. Leonard, 05-1382 (La.2/3/06), 922 So.2d 1154.

DISCUSSION
The issue brought before us by the state is whether the court of appeal majority erred in not applying the harmless error doctrine to the prosecutor's violation of La.Code Evid. art. 609.1.
We first agree with the lead opinion that the prosecutor's assertive question,[7] referring to evidence that was previously ruled inadmissible by the trial court, fell within the scope of La.Code Crim. Proc. art. 771(1), rather than La. Code Crim. Proc. art. 770(2). Article 771(1) is the controlling rule in this case because the fact of the prior conviction and the sentence were otherwise admissible under Article 609.1, albeit for the limited purpose of attacking the credibility of a witness. Although the trial court at the Prieur hearing had ruled that evidence of the other crimes allegedly committed by the defendant upon his wife and daughter were not admissible under La.Code Evid. art. 404(B), the fact of the conviction for the crime against the daughter and the sentence therefor were otherwise admissible under La.Code Evid. art. 609.1 once the defendant took the stand. Indeed, the defendant admitted to the conviction in his direct testimony. Accordingly, the prosecutor's assertive question was not a remark or comment that referred directly or indirectly to "another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible," because the fact of the prior conviction with respect to the daughter was otherwise admissible under Article 609.1 for the limited purpose of testing the credibility of the witness. Instead, while the prosecutor's assertive question was a remark outside the scope of Article 770, it was nevertheless a remark or comment made by the prosecutor during trial within the hearing of the jury that was, in light of the Prieur ruling and the dictates of Article 609.1, "irrelevant or immaterial and of such a nature that it might create prejudice against the defendant ... in the mind of the jury."
We also agree with the lower court's finding that the state was not justified in delving into the details of the conviction under any of the exceptions set forth in La.Code Evid. art. 609.1(C). Once the defendant took the stand, the state could introduce evidence of the prior conviction and sentence pursuant to Article 609.1, which allows impeachment of a witness in a criminal case by evidence of prior convictions. If a defendant chooses to testify, this provision authorizes credibility testing with evidence of prior criminal convictions. See State v. Tassin, 536 So.2d 402 (La.1988); State v. Neslo, 433 So.2d 73 (La.1983) (both decided under former La. Rev.Stat. 15:495).[8]
*667 Nevertheless, La.Code Evid. art. 609.1 only permits introduction of the details of a conviction for impeachment purposes under limited circumstances. Although the state argues that the defendant was not completely forthright about the details of the sentence, and thus it was justified in inquiring into the conditions attached to the suspension of the sentence, the defendant simply omitted a requirement of the sentence: proof of completion of the domestic violence offender program class and counseling. La.Code Evid. art. 609.1 authorizes introduction of the details of the crime only when the witness has denied the conviction or denied recollection thereof, or when the witness has testified to exculpatory facts or circumstances surrounding the conviction, or when the probative value thereof outweighs the danger of unfair prejudice, confusion of the issues, or misleading the jury.
The state's argument to the contrary, we conclude that none of those exceptions applies in this case, where the defendant admitted the conviction, he did not testify to exculpatory facts or circumstances, and the probative value of the evidence with respect to the defendant's credibility did not, we are convinced, outweigh the danger of unfair prejudice, confusion of the issues, or misleading the jury. Here, the prosecutor did not merely ask the defendant if his sentence had included completion of the domestic violence offender program or counseling; instead, the prosecutor specifically asked the defendant to confirm that the victim of the prior crime was his then fourteen-year-old daughter. Thus, as the lower court recognized, the prosecutor's explanations given in retrospect to justify the assertive question under La.Code Evid. art. 609.1 regarding the identity of the victim were ultimately unavailing. Accordingly, the prosecutor's assertive question was not justified under any of the exceptions to La.Code Evid. art. 609.1(C).
La.Code Crim. Proc. art. 771 provides that "on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial." Here, the defendant objected to the question under Article 609.1 and moved for a mistrial, rather than an admonition, under either Article 770 or 771. Because the prosecutor's assertive question, as we have found, fell within the scope of Article 771, the granting of a mistrial was within the broad discretion of the trial court. La. Code Crim. Proc. art. 775 provides in part that "[u]pon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771." As a general matter, mistrial is a drastic remedy which should only be declared upon a clear showing of prejudice by the defendant. State v. Scott, 04-1312 (La.1/19/06), 921 So.2d 904; State v. Wilkerson, 403 So.2d 652, 659 (La.1981) (mere possibility of prejudice is not enough to warrant mistrial). In addition, a trial judge has broad discretion in determining whether conduct is so prejudicial as to deprive an accused of a fair trial. State v. Sanders, 93-0001, pp. 20-21 (La.11/30/94), 648 So.2d 1272, 1288-89; State v. Wingo, 457 So.2d 1159, 1166 (La.1984).
Although they recognized that the prosecutor's question violated La.Code Evid. art. 609.1 and resulted in the erroneous admission of prejudicial evidence, the judges in the court of appeal majority fell *668 into error when they declined to apply the harmless error doctrine to this violation of La.Code Evid. art. 609.1. First, the concurring judge believed that the granting of a mistrial was mandated, because the prosecutor's assertive question fell within the scope of Article 770. As we have previously explained, however, this basis for concurring in the reversal of the defendant's conviction and sentence was in error, because the granting of a mistrial in this case was within the trial court's broad discretion under Article 771.
Second, although the lead opinion believed that a mistrial should have been granted and that harmless-error analysis did not apply in a case in which the prosecution has deliberately violated an order of the trial court by placing before the jury evidence that the court had previously excluded, a reviewing court in Louisiana should not reverse a defendant's conviction and sentence unless the error has "affect[ed] the substantial rights of the accused." La.Code Crim. Proc. art. 921 ("A judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused."). The defendant argues that it should never be harmless error when a prosecutor knowingly and intentionally violates a trial court order and knowingly violates basic rules of evidence, particularly regarding the admission of other crimes evidence, analogizing such a rule to the exclusionary rule for police misconduct in search and seizure cases. However, the purpose of appellate review is not to punish a misbehaving prosecutor, but to correct errors that have contributed to the jury's verdict. Therefore, harmless error analysis is, in appropriate cases, a proper part of the appellate review process.[9]
The history of Louisiana's harmless error rule makes clear that there has been one common directive: appellate courts should not reverse convictions for errors unless the accused's substantial rights have been violated. State v. Johnson, 94-1379 (La.11/27/95), 664 So.2d 94. This comports with the general theory that "appeals in criminal cases are not granted merely to test the correctness of the trial court's ruling, but only to rectify injuries caused thereby." State v. Saia, 212 La. 868, 876, 33 So.2d 665, 668 (1947). In sum, the court of appeal majority should have determined whether the jury's verdict in the present case was surely unattributable to the erroneous admission of the identity of the victim in the prior crime, as a result of the state's violation La.Code Evid. art. 609.1, and whether this error was harmless beyond a reasonable doubt. State v. Sanders, 93-0001, p. 25 (La.11/30/94), 648 So.2d 1272, 1291.

CONCLUSION
For the reasons set forth above, we find that the court of appeal majority erred in *669 not applying the harmless error doctrine to the state's violation of the restrictions of La.Code Evid. art. 609.1, which resulted in the erroneous admission of prejudicial evidence. Accordingly, we reverse the court of appeal's ruling, which had upset the defendant's conviction for second degree murder, and remand the matter to the court of appeal for its determination as to whether the guilty verdict actually rendered in this trial was surely unattributable to the error and, if necessary, for consideration of the assignments of error pretermitted in the court of appeal opinion.

DECREE

REVERSED AND REMANDED.
VICTORY, J., concurs in the result.
KNOLL, J., concurs in the result only.
NOTES
[1] Neither the state's notice of intent nor its memorandum in support thereof mentions the defendant's sentence for the guilty plea to simple battery. However, the record does contain a minute entry for that offense, R. Vol. I, p. 90, in which the sentence is noted as follows: "PG Resp. verdict simple battery; Sent: Def 894 6mo PP susp $100 + cc, proof of DVOP and counseling." In the record, this minute entry follows the state's "Answer to Motion for Discovery and Inspection" and appears to be part of that filing rather than the state's notice of intent to introduce evidence of other crimes. At any rate, according to the minute entry, the trial court in that case sentenced the defendant pursuant to La. Code Crim. Proc. art. 894 to six months in parish prison, suspended execution of the sentence, imposed a fine of $100 plus court costs, and required that the defendant complete a domestic violence offender program ("DVOP") and counseling.
[2] La.Code Evid. art. 609.1, entitled "Attacking credibility by evidence of conviction of crime in criminal cases," provides in pertinent part:

A. General criminal rule. In a criminal case, every witness by testifying subjects himself to examination relative to his criminal convictions, subject to limitations set forth below.
B. Convictions. Generally, only offenses for which the witness has been convicted are admissible upon the issue of his credibility, and no inquiry is permitted into matters for which there has only been an arrest, the issuance of an arrest warrant, an indictment, a prosecution, or an acquittal.
C. Details of convictions. Ordinarily, only the fact of a conviction, the name of the offense, the date thereof, and the sentence imposed is admissible. However, details of the offense may become admissible to show the true nature of the offense:
(1) When the witness has denied the conviction or denied recollection thereof;
(2) When the witness has testified to the exculpatory facts or circumstances surrounding the conviction; or
(3) When the probative value thereof outweighs the danger of unfair prejudice, confusion of the issues, or misleading the jury.
[3] The defendant argued the following claims on appeal: 1) whether his right to confront his accusers was violated by the admission of an autopsy report; 2) whether a mistrial should have been granted after the prosecutor intentionally elicited inadmissible evidence from a witness, the defendant; 3) whether a mistrial should have been granted based on alleged comments by the prosecutor on defendant's alleged post-arrest silence; and 4) whether the evidence was sufficient to support a conviction.
[4] Chapman tests whether it appears "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." 386 U.S. at 24, 87 S.Ct. at 828. Chapman further holds that an error does not "contribute" to the verdict when the erroneous trial feature is unimportant in relation to everything else the jury considered on the issue. Yates v. Evatt, 500 U.S. 391, 403, 111 S.Ct. 1884, 1893, 114 L.Ed.2d 432 (1991). In Sullivan, the Supreme Court refined Chapman, stating that the appropriate inquiry "is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error." Sullivan, 508 U.S. at 279, 113 S.Ct. at 2081 (emphasis in original).
[5] La.Code Crim. Proc. art. 771, entitled "Admonition," provides:

In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
(1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
[6] La.Code Crim. Proc. art. 770, entitled "Prejudicial remarks; basis of mistrial," provides in pertinent part:

Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
* * *
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
[7] "Assertive questions are those which place before the jury the details concerning the other crime." State v. Hatch, 305 So.2d 497, 503 (La.1974).
[8] Former La.Rev.Stat. 15:495 provided:

Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein.
[9] The judges below also believed that the prosecutor may have deliberately violated the district court's pretrial ruling under Prieur excluding evidence of other crimes, wrongs or acts. Notably, the trial judge did not indicate that he believed the state had violated his Prieur ruling, whether intentionally or not. While we do not go so far as to conclude on the record before us that there was a deliberate violation of the trial judge's Prieur ruling, we note that, even had the violation of either that pre-trial ruling or the code of evidence been purposeful, under the facts of this case, especially because the defendant had taken the stand thereby bringing La.Code Evid. art. 609.1 into play, the lower court should have nevertheless applied a harmless error review to the trial error. Of course, we caution prosecutors not to engage in deliberate misconduct with the expectation that such misconduct will later be deemed harmless error. The Rules of Professional Conduct serve to govern the prosecutor's actions.