STATE OF LOUISIANA
v.
RAYMOND GROOT.
No. 2007 KA 1273.
Court of Appeal of Louisiana, First Circuit.
January 16, 2008.
NOT DESIGNATED FOR PUBLICATION
CAMILLE A. MORVANT, II, District Attorney, Counsel for Appellee, State of Louisiana.
PETER J. ROUSSE, Assistant District Attorney, KATHERINE M. FRANKS, Louisiana Appellate Project, Thibodeaux, Louisiana, Counsel for Defendant/Appellant, Raymond Groot.
Before: WHIPPLE, GUIDRY, and HUGHES, JJ.
GUIDRY, J.
The defendant, Raymond Groot, was charged by bill of information with one count of fourth offense operating a vehicle while intoxicated (DWI), a violation of La. R.S. 14:98, and pled not guilty.[1] Following a jury trial, he was found guilty as charged. He was sentenced to a $5,000 fine, twenty-five years at hard labor, suspended, five years of probation subject to sixty days in the Lafourche Parish Detention Center without the benefit of parole, probation, or suspension of sentence, and otherwise in compliance with La. R.S. 14:98(E). He now appeals, designating two assignments of error. We reverse the conviction, vacate the sentence, and remand for a new trial.

ASSIGNMENTS OF ERROR
1. The trial judge erred in overruling defense counsel's objections to the prosecutor's questions on cross-examination eliciting details of the defendant's previous convictions.
2. Trial counsel was ineffective in failing to remove Mr. Harris Griffin from the panel of jurors impaneled to try the case either by challenging him for cause or exercising a peremptory challenge. Mr. Griffin's responses during voir dire reflected bias and partiality, making him an unfit juror. Mr. Griffin's personal predispositions and his position as the jury foreperson served to deprive the defendant of his constitutional right to an unbiased jury.

FACTS
On the evening of May 24, 2004[2], deputies with the Lafourche Parish Sheriffs Office stopped a vehicle driven by the defendant after observing it cross the centerline and jerk back into its lane twice within ten seconds. The defendant was disheveled, slurred his speech, lost his balance when he exited the vehicle, and had to use the truck to hold himself up and for balance as he walked. The defendant admitted consuming two beers earlier that evening. One of the deputies had the defendant perform field sobriety tests, and the deputy concluded the defendant was impaired by either alcohol or drugs. The defendant tested .000% on the breath test and refused to submit to a blood test. He admitted taking Soma, Xanax, Lortab, Neurontin, and Zonegran, and he prepared a list of the times he had taken the various medications (State Exhibit #2). The defendant told the deputy he had a history of abusing his prescription medications. When presented with information concerning when the defendant had taken the medications, the phannacist, who was accepted as an expert in the area of pharmacology, concluded the medications could cause physical impairment that would render the defendant unsafe to drive.
At trial, the defendant indicated he had a seizure disability, a steel plate and screws in his ankle, and had trouble getting out of his truck due to his ankle problem. He indicated he had been prescribed Lortab, Soma, and Xanax.
In regard to the night of the incident, the defendant claimed he was in a sufficient condition to drive. He claimed he told Deputy Cornish that he had taken some medication between noon and three in the afternoon. He claimed he had taken one Lortab, one muscle relaxer, and one Xanax that day. He claimed State Exhibit #2 showed the times he usually took his prescription medication. He denied taking Lortab at 4:00 p.m. and 9:00 p.m. on the day of the incident. When asked, "Do you think you have a problem with abusing prescription drugs?[,]" the defendant answered, "At times."

IMPROPER CROSS-EXAMINATION
In assignment of error number 1, the defendant argues he was prejudiced when the trial court permitted the State to delve into the details of two of the three predicates because the State used the details to establish that the predicate convictions were based upon driving while under the influence of controlled substances, the basis for the charge at issue.
Louisiana Code of Evidence article 609.1, in pertinent part, provides:
A. General criminal rule. In a criminal case, every witness by testifying subjects himself to examination relative to his criminal convictions, subject to limitations set forth below.
B. Convictions. Generally, only offenses for which the witness has been convicted are admissible upon the issue of his credibility, and no inquiry is permitted into matters for which there has only been an arrest, the issuance of an arrest warrant, an indictment, a prosecution, or an acquittal.
C. Details of convictions. Ordinarily, only the fact of a conviction, the name of the offense, the date thereof, and the sentence imposed is admissible. However, details of the offense may become admissible to show the true nature of the offense:
* * *
(3) When the probative value thereof outweighs the danger of unfair prejudice, confusion of the issues, or misleading the jury.
Article 609.1(C)(3) allows cross-examination into the details of a prior conviction only where the issue of the witness's credibility is raised and the details of the prior conviction are probative in impeaching his testimony and not outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. State v. Powell, 28,788, p. 8 (La. App. 2d Cir. 11/1/96), 683 So.2d 1281, 1286, writ denied, 97-0092 (La. 5/30/97), 694 So.2d 243.
At trial, the State introduced into evidence, without objection, certified copies of the court records for predicates #1 and #3. The defendant admitted he was the same person listed in the records concerning those predicate offenses. Predicate #1 concerned the defendant's guilty plea to operating a motor vehicle "while under the influence of a controlled dangerous substance, to wit: Alprazolam, cocaine[,] hydrocodone and sertraline, CDS II[.]" Predicate #3 concerned the defendant's guilty plea to operating a motor vehicle "while under the influence of a controlled dangerous substance, to wit: Hydrocodone and Methadone, CDS II[.]"
The defense did object, however, when the State asked the defendant if it was a fact that the convictions in predicates #1 and #3 were driving while intoxicated while under the influence of a controlled dangerous substance. The State responded it was inquiring about the actual crimes of which the defendant had been convicted and was not asking the defendant about the field sobriety tests he took in connection with those offenses. The trial court overruled the defense objection and, in response to questioning by the State, the defendant indicated that the convictions in predicates #1 and #3 involved driving while intoxicated involving controlled dangerous substances and not involving alcohol.
The trial court erred in allowing the State to question the defendant concerning the details of predicates #1 and #3. The details of predicates #1 and #3 were not probative in impeaching the defendant's credibility because he did not deny his conviction of those offenses or testify to exculpatory facts or circumstances surrounding the convictions. Further, any probative value of the details of the convictions in predicates #1 and #3 in regard to the defendant's commission of the instant offense was outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. See State v. Leonard, 05-1382, pp. 9-11 (La. 6/16/06), 932 So.2d 660, 667.
The test for determining whether an error is harmless is whether the verdict actually rendered in this case "was surely unattributable to the error." Sullivan v. Louisiana, 508 U.S. 275, 279, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993); State v. Miles, 98-2396, p. 4 (La. App. 1st Cir. 6/25/99), 739 So.2d 901, 904, writ denied, 99-2249 (La. 1/28/00), 753 So.2d 231. The State's theory of the case was that the defendant violated La. R.S. 14:98, not because he was drunk, but because he was under the influence of controlled dangerous substances. The Article 609.1 error in this case forced the defendant to admit he had twice before been guilty of DWI involving controlled dangerous substances. Accordingly, the error affected the substantial rights of the defendant and was not harmless.
This assignment of error has merit.

INEFFECTIVE ASSISTANCE OF COUNSEL
In assignment of error number 2, the defendant argues defense counsel was ineffective during voir dire because, despite Mr. Griffin's equivocal answers, and the fact that he had a brother who had been involved in a DUI-related accident, counsel did not challenge Mr. Griffin for cause or exercise a peremptory challenge against him.
A claim of ineffective assistance of counsel is generally relegated to postconviction proceedings, unless the record permits definitive resolution on appeal. State v. Miller, 99-0192, p. 24 (La. 9/6/00), 776 So.2d 396, 411, cert. denied, 531 U.S. 1194, 121 S.Ct. 1196, 149 L.Ed.2d 111 (2001).
A claim of ineffectiveness of counsel is analyzed under the two-pronged test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to establish that his trial attorney was ineffective, the defendant must first show that the attorney's performance was deficient, which requires a showing that counsel made errors so serious that he was not functioning as counsel guaranteed by the Sixth Amendment. Secondly, the defendant must prove that the deficient performance prejudiced the defense. This element requires a showing that the errors were so serious that defendant was deprived of a fair trial; the defendant must prove actual prejudice before relief will be granted. It is not sufficient for the defendant to show that the error had some conceivable effect on the outcome of the proceeding. Rather, he must show that but for the counsel's unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. Further, it is unnecessary to address the issues of both counsel's performance and prejudice to the defendant if the defendant makes an inadequate showing on one of the components. State v. Serigny, 610 So.2d 857, 859-60 (La. App. 1st Cir. 1992), writ denied, 614 So.2d 1263 (La. 1993).
During voir dire, in response to questioning by the defense, prospective juror Harris F. Griffin indicated he did not drink alcohol. Thereafter the following colloquy occurred:
[Defense]: Mr. Griffin, you don't drink but do you feel like that would make you impartial or not make you impartial in this case?
[Griffin]: I think I could be impartial, but I do have a problem with I've been behind one before and I've really got a problem with seeing somebody  knowing somebody was like that weaving all over the highway. And I've responded to accidents through the local fire department I'm with.
[Defense]: Again, you haven't  the trial hasn't begun and you don't know whether there's an accident or this was 
[Griffin]: Correct.
[Defense]:  just a normal traffic stop. So, you would still want to listen to the evidence before rendering that decision or would the fact that you don't drink and the way you feel about drunk drivers, is that going to cloud your impartiality?
[Griffin]: It could. It possibly would cloud me to a certain point.
Also in response to defense questioning, Griffin indicated one of his brothers had been in a car accident with an intoxicated driver. Griffin indicated there was no serious injury in the accident. Thereafter the following colloquy occurred:
[Defense]: Will that incident you think affect your judgment in this case?
[Griffin]: Well, in the other one, I happen to know the guy that happened to hit him. So, the way I feel is, okay, I understand we're looking at the law but sometime maybe I think going to the, you know, when you get called for a fourth time, you know, to me, it seems like it's almost going on too far, you know. In my mind, that's the way I'm thinking.
[Defense]: And, again, you made a point, 
[Griffin]: And I understand he's not guilty until he's proven that way but to me to even come up for a fourth time, that's telling me something, you know.
[Defense]: But you've made a good point that we must look at the law and not our own personal experiences.
[Griffin]: Yeah.
[Defense]: Do you feel you could do that and just look at the law and put these personal experiences aside?
[Griffin]: It's not easy. [Defense]: Okay.
[Griffin]: It's not easy.
[Defense]: A lot of things in life aren't easy but do you think you could do it?
[Griffin]: If you're telling me it's the law and that's the way it is, yeah.
[Defense]: Do you understand that being the law, you do have to follow that law as a juror?
[Griffin]: Yeah.
Griffin served on the jury as jury foreman.
Defense counsel performed deficiently in failing to challenge Griffin for cause or in failing to exercise a peremptory challenge against him. Failing to challenge Griffin was not a strategic decision. Griffin's responses as a whole revealed he was biased against drunk drivers, and he was not rehabilitated by subsequent questioning. Further, the deficient performance prejudiced the defendant because Griffin served as jury foreman.
This assignment of error also has merit.
CONVICTION REVERSED; SENTENCE VACATED; AND REMANDED FOR NEW TRIAL.
WHIPPLE, J., dissenting.
I respectfully disagree with the majority's decision to reverse defendant's conviction for fourth offense operating a vehicle while intoxicated (DWI). LSA-R.S. 14:98. Specifically, with regard to the majority's conclusion that the trial court erred in allowing the State to question defendant concerning the details of predicates #1 and #3, I note that the questioning by the State concerned the specific convictions involved in those predicate offenses, rather than the details of those offenses.
Moreover, in my view, error, if any, in the questioning was harmless. The test for determining whether an error is harmless is whether the verdict actually rendered in this case "was surely unattributable to the error." Sullivan v. Louisiana, 508 U.S. 275, 279, 113 S. Ct. 2078, 2081, 124 L. Ed. 2d 182 (1993); State v. Miles, 98-2396, p. 4 (La. App. 1st Cir. 6/25/99), 739 So. 2d 901, 904, writ denied, 99-2249 (La. 1/28/00), 753 So. 2d 231. Records indicating that predicates #1 and #3 involved operating a vehicle while under the influence of controlled dangerous substances were already in evidence.
Moreover, regarding the majority's conclusion that defense counsel performed deficiently in failing to challenge juror Griffin for cause or in failing to exercise a peremptory challenge against him, in my view, defendant failed to show that defense counsel's performance at trial was deficient. Whether or not to challenge Griffin was a trial decision that counsel made after carefully questioning the prospective juror. Under our adversary system, once a defendant has the assistance of counsel, the vast array of trial decisions, strategic and tactical, which must be made before and during trial rest with an accused and his attorney. The fact that a particular strategy is unsuccessful does not establish ineffective assistance of counsel. State v. Folse, 623 So. 2d 59, 71 (La. App. 1st Cir. 1993).
For these reasons, I respectfully dissent.
NOTES
[1] Predicate #1 was set forth as the defendant's May 22, 2003 conviction, under Terrebonne Parish Docket #410909, following a DWI arrest on June 22, 2002. Predicate #2 was set forth as the defendant's February 20, 2003 conviction, under Lafourche Parish Docket #384623, following a DWI arrest on July 3, 2002. Predicate #3 was set forth as the defendant's May 22, 2003 conviction, under Terrebonne Parish Docket #410908, following a DWI arrest on February 20, 2003. We note, however, that the bill of information for predicate #3 indicates the arrest date for that offense was actually February 14, 2002.
[2] We take this date from the testimony of Lafourche Parish Sheriff's Office Deputy Jason Cornish, who testified that the vehicle stop occurred at 11:45 p.m. on May 24, 2004. We note, however, that the bill of information charged that the offense occurred on May 23, 2004. Further, the intoxilyzer alcohol analysis receipt contained in the record indicates the defendant was first observed at "0018" on May 24, 2004.