PAUL A. BONIN, Judge.
| (The jury found Keith Johnson guilty of the second degree battery of his girlfriend, Sonya Herbert, and of possession of cocaine. He appeals his convictions and assigns two errors.
Conceding that he battered his girlfriend, he first argues that the evidence is nonetheless insufficient to establish all the essential elements of second degree battery. We have reviewed this assignment of error under the well-known Jackson v. Virginia standard and find that, viewing the evidence in the light most favorable to the prosecution, any rational fact-finder could be convinced beyond a reasonable that every essential element of the crime charged was proved.
Next he argues that the trial judge should have granted a mistrial because of the prosecutor’s comments during rebuttal closing argument. The three comments, characterized by Mr. Johnson as improper and unsubstantiated by the evidence, all related to the possession of cocaine count. We find, however, that the trial judge did *37 not abuse her discretion in denying his motion for mistrial. '' >
^Accordingly, we affirm Mr. Johnson’s convictions and sentences.[1] We explain our conclusions in more detail below.
I
The defense asserts that the prosecution failed to prove that Mr. Johnson had the* specific intent to cause serious injury, to Ms. Herbert. We, of course, review ⅛ facts in the light most favorable to, the prosecution when reviewing a conviction for sufficiency of evidence. See. Jackson, v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). ¿ ... ,. •
A
Sonya Herbert, the defendant’s girlfriend, had gone to the store to buy beer and cigarettes. When she returned, to the home she shared with Mr. Johnson, she found him smoking crack cocaine, wifh his “podnah.” She berated Mr. Johnson for his behavior. He then began beating her and caused her to fall to the floor. At that point, according to the uncontradicted testimony of Ms. Herbert, he began kicking her and continued to do so for about twenty-five minutes. He was wearing' steel-toed boots at the time. Ms. Herbert tried to stand up and being unable to do so, she told Mr. Johnson he had broken her* ankle; to which' he rejoined “You’re lucky that I didn’t bréak your [ass].” :
|sShe managed to call 9-1-1. The police and emergency medical technicians arrived and observed bruising on Ms. Herbert’s head. Her ankle was also broken in two places. These injuries were also observed and treated at the Ochsner Baptist emergency room. She was still experiencing pain from her ankle injuries at the time of the trial.
As we understand Mr. Johnson’s argument, Ms. Herbert’s injuries are not as serious as one would expect if her testimony about Mr.-Johnson’s unrelenting kicking occurred as she described it. And, in support of this view of the evidence, he argües that the fractures of her ankle were more consistent with her simply having fallen to the floor and not as a result of any kicking. The problem with the defendant’s view of the evidence is not that it is not plausible; but rather it does not establish that the prosecution’s view, which is favored, is implausible. See State v. Armstead, 14-0036, p. 12 (La.App. 4 Cir. 1/28/15), 159 So.3d 502, 512 (citing State v. Mussall, 523 So.2d 1305, 1311 (La.1988)).
B
Battery, for our purposes here, is defined as “the intentional use of force or violence upon the person of another.” La. R.S. 14:33. Second degree battery, the offense for which Mr. Johnson was convicted, “is a battery when the offender intentionally inflicts serious bodily injury”. La. R.S. 14:34.1 A (emphasis added). And “ ‘[s]erious bodily injury" means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, 14or protracted loss or *38 impairment of the function of a bodily member, or mental faculty, or a substantial risk of death.” La. R.S. 14:34.1 B(3) (emphasis added).
Thus, the prosecution was required to prove beyond a reasonable doubt each of the following essential elements of the offense: (1) that Mr. Johnson specifically intended (2) to inflict serious bodily injury to Ms. Herbert. See La. R.S, 14:34.1 A; State v. Welch, 615 So.2d 300, 302 (La. 1993) (citing State v. Fuller, 414 So.2d 306 (La.1982)).[2] Specific intent is defined -as the “state of mind which exists when, .the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” La. R.S. 14:10(1). . Specific intent may be inferred from the circumstances surrounding the , offense and the actions of the defendant, see State v. Bishop, 01-2548, p. 4 (La.1/14/03), 835 So.2d 434, 437, and “can be formed in an instant.” State v. Rivers, 14-0511, p. 6 (La.App. 4 Cir. 2/25/15), 160 So.3d 1108, 1111 (citation omitted).
The testimony reflects that Mr, Johnson physically threw, Ms. Herbert Onto the floor and kicked her repeatedly fo,r 25 minutes while wearing steel-toed boots. Upon their arrival at the scene, two police officers- testified that they observed Ms. Herbert limping in pain, with an extremely swollen ankle and visible bruising. Ms. Herbert’s treating physician testified that the victim had broken her ankle in two places and sustained bruising to her head. Ms. Herbert testified that she was informed she would probably require surgery and stated she had to use crutches for jBsix to eight weeks following the incident. At trial, she made clear that she did not fall on her own, but rather was pushed to the floor by defendant. Ms. Herbert also testified she continued to experience pain in her ankle, more- than a year after the incident.
Mr. Johnson argues that Ms. Herbert’s injuries were more consistent with a fall than with being kicked while on the ground, but at trial he did not present evidence to contradict’ the prosecution’s account, and the jury evidently did not credit his theory. See Armstead, 14-0036, p. 13, 159 So.3d at 513. Further, although he ' points out that Ms. Herbert’s version of events' was uncorroborated, it is well-established that, absent internal contradiction, the testimony of a single witness, if believed by the fact finder, is sufficient to support a conviction. See State v. Marshall, 04-3139, p. 9 (La.11/29/06), 943 So.2d 362, 369 (citing State v. Legrand, 864 So.2d 89, 94 (La.2003)). And because Ms. Herbert’s testimony was not implausible or clearly contrary to the evidence, we will not overturn the jury’s presumed acceptance of it. See Armstead, 14-0036, p. 12, 159 So.3d at 512 (citing Mussall, 523 So.2d at 1311).
We therefore find that, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could infer from the extent of Ms. Herbert’s injuries-and the defendant’s conduct that Mr. Johnson had the specific intent to cause Ms. Herbert serious bodily injury beyond a reasonable doubt. See generally Fuller, 414 Sp.2d at 310 (“When a. much stronger man hits a younger, smaller man, . the fact finder could rationally conclude that the offender intended to cause, | ^at a minimum, unconsciousness and/or extreme physical pain.”). Accordingly, the evi *39 dence is sufficient to sustain a conviction of second degree battery.
II
A
Mr. Johnson left the home he shared with the victim and went by a relative’s house where he was later arrested. Provided by Ms. Herbert with a description of her boyfriend and his likely whereabouts, Officer Warren approached Mr. Johnson on Terpsichore Street while Mr. Johnson was working on a vehicle. The officer asked Mr. Johnson to identify himself, but he refused. Because, he was at the exact location provided, by the victim and be-; cause he matched Ms. Herbert’s description of him, Officer Warren placed Mr. Johnson under arrest for domestic abuse battery.
Officer Warren handcuffed Mr. Johnson and searched his pockets. He discovered Mr. Johnson’s identification in his right front pants pocket. He also discovered a small piece of crack cocaine. He did not find, however, a crack pipe, a lighter, <⅛ any wire mesh. Officer Warren identified the cocaine that he recovered, and it was admitted into evidence.
Officer William Giblin, a criminalist, with the New Orleans Police Department, was qualified as an expert in the field of narcotics testing. Officer Giblin identified his report in this matter and testified that he tested a piece of white rock-like-matter, which he confirmed tested positive for cocaine. Officer Giblin did not, however, weigh the piece of crack.
I7B
Mr. Johnson’s second assignment of error is related to the small amount-of. cocaine seized from him at the time of his arrest and the dueling closing arguments about the significance or insignificance of that,small amount. The record suggests that the prosecutor was responding to arguments by defense counsel to the effect that the amount of cocaine was so small that it was either residue or leftover from a previous use and that the jury should conclude that while Mr. Johnson may have previously possessed cocaine, he did not possess cocaine at the time he was arrested.
Specifically, Mr. Johnson points to three statements by the prosecutor which, he contends, improperly bolstered the prosecution’s case to the prejudice of Mr. Johnson and which, taken together, required the remedy of a mistrial. The first statement to which Mr. Johnson objected was the prosecutor’s response which was dismissive of the defense counsel’s argument “[bjecause every day in this courthouse we see amounts of cocaine that are even less than this. I’ve seen .01 — [one hundredth].” The defense counsel objected to this clearly improper argument and the trial judge properly- sustained the objection.
Undeterred by the trial judge’s ruling, the prosecutor persisted in then arguing, “Ladies and gentleman, .1 [one tenth] grams of cocaine is enough for a person to use in one instance. And it might look small but I’m guessing most of you don’t have a lot of experience with cocaine. That’s enough for somebody to use.” The defense lodged a timely objection, but it was overruled.
| «Continuing, the prosecutor went on to offer a possible explanation why no paraphernalia was found on Mr. Johnson. The prosecutor noted that her brother, who was a smoker, sometimes had a cigarette but not a lighter. The trial judge again overruled the defendant’s objection.
Trial counsel are not unfettered in their closing arguments. - There are two sources *40 for the restrictions placed on prosecutors and defense counsel alike. First, “The [closing] argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the casé.” La. C.Cr.P. art. 774. “The argument shall not appeal to prejudice.” Id. And, not to be overlooked, is that “[t]he state’s rebuttal shall be confined to answering the argument of the defendant.” Id. Second, “[a] lawyer shall not: ... in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, ... or the guilt or innocence of an accused ...” Rule 3.4(e), Rules of Professional Conduct (emphasis added).
Here, there is no question that the prosecutor crossed the proper bounds for rebuttal closing argument by expressing personal opinion about whether the amount of cocaine found on Mr. Johnson was sufficient for use because such was not supported by the evidence, just as in the case of her argument which the trial judge had just momentarily before ruled improper. If the defense counsel had also | ^crossed the boundary in her closing arguments about whether the amount seized was too little in her opinion to support a guilty verdict, then the prosecutor’s remedy was not to replicate the violation but to contemporaneously object to defense counsel’s argument.
But the remedy of a mistrial, which is the remedy here sought by Mr. Johnson, is drastic. See State v. Draughn, 05-1825, p. 44 (La.1/17/07), 950 So.2d 583, 614 (citing State v. Leonard, 05-1382, p. 11 (La.6/16/06), 932 So.2d 660, 667) (“Mistrial is a drastic remedy, and the determination of whether prejudice to the defendant has resulted from the prosecutor’s comments 'lies 'in the sound discretion of the trial judge.”). We are also mindful that counsel must be able to express their views about inferences fairly drawn from the facts in evidence or the lack of evidence. Thus, even' when the prosecutor exceeds the bounds of proper argument, we will not reversé -a conviction unless “thoroughly convinced” that the argument influenced the jury and contributed to the verdict. State v. Ricard, 98-2278, 99-0424, p. 4 (La.App. 4 Cir. 1/19/00), 751 So.2d 393, 397. And in evaluating such a claim, we credit the good sense and fair-mindedness of the jurors who have heard the evidence. See State v. Williams, 96-1023 (La.1/21/98), 708 So.2d 703.
Here we are not so convinced. The amount of cocaine recovered by Officer Warren was not in dispute. The cocaine that was recovered was produced at trial. The jurors were able to personally scrutinize the size and shape of the piece of crack cocaine that was recovered and determine for themselves whether it was a 1 indetectable amount. The prosecutor’s straying from the bounds of proper argument by interjecting her personal opinion unsupported by any evidence was of no consequence to the jury’s verdict that Mr. Johnson was guilty of possessing cocaine at the time of his arrest.
Because we find no prejudice to Mr. Johnson in the prosecutor’s improper but inconsequential statements, we conclude that the tidal judge did not abuse her discretion in failing to declare a mistrial.
CONCLUSION
,. With respect to Mr. Johnson’s first assignment of error, we find that the evidence was sufficient to convince any rational fact-finder that the prosecution *41 proved all the essential elements of the crime of second degree battery beyond a reasonable doubt. With respect to his second assignment of error, we conclude that the trial judge did not abuse her discretion when she did not declare a mistrial due to the improper remarks made by the prosecutor in rebuttal argument.
DECREE
The convictions of Keith Johnson for second degree battery of his girlfriend, Sonya Herbert, and of possession of cocaine are affirmed as are his respective sentences.
AFFIRMED.

. We have, as we always do, reviewed -the record for errors patent. See La. C.Cr.P. art. 920(2), We did not detect any such errors, We note that the trial judge sentenced Mr. Johnson to five years at hard labor for each count and set the matter for a multiple bill hearing. On May 28, 2015, as part'of-aiitn globo plea agreement affecting other pending cases, Mr, Johnson pled guilty to being a second felony offender on each count. The trial court vacated the previously imposed sentences and as to count one (possession of cocaine) sentenced Mr. Johnson to five years imprisonment. As to count two (second dé-gree battery), the trial judge sentenced him to ten years imprisonment. The trial judge ordered that the sentences be served consecu- • tively.

. La. R.S. 14:34.1 (Second degree battery), until its amendment by 2009 La. Acts 264, had as an essential element of the offense that the. battery, was “committed without the consent.of the victim,”