PER CURIAM. - '
LLa. C.E. art. 615(A) confers upon the trial court the authority to “order that the witnesses be excluded from the courtroom or from a place where they can see or hear the proceedings, and refrain from discussing the facts of the case with anyone other than counsel in the case.” La. C.E. art. 615(B)(4) excludes from orders of sequestration the victim and members .of her family. Thus, the victim and. her family members were entitled by law to remain in the courtroom for the entirety of the court proceedings, .including during the defendant’s testimony, and to confer with the prosecution as needed. It is undisputed that a “mistrial is a drastic remedy which should only be declared upon a clear showing of prejudice by the defendant.” State v. Leonard, 05-1382, p. 11 (La.6/16/06); 932 So.2d 660, 667. “[A] trial judge has broad discretion in determining whether conduct is so prejudicial as to deprive an accused of a fair trial.” Id. Under the given facts, the trial court abused her vast discretion in granting the motion for mistrial based on unsubstantiated claims that the testimony of the victim’s family members, who testified on rebuttal for the State to impeach a factual statement made by the defendant, was violative of the trial court’s sequestration‘order. In the event there was a violation of the order, any alleged prejudice suffered by the defendant did not substantially compromise his right to a fair trial because the rebuttal testimony was not of probative value relating to the commission of the charged offense.
^Accordingly, the writ is granted. The judgment of the trial court is reversed. The case is remanded to the trial court for further proceedings.