NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1499

STATE OF LOUISIANA

VERSUS

JOHNNY W. CHAMBERS

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 16207-09
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of John D. Saunders, Billy Howard Ezell, and Phyllis M. Keaty, Judges.

AFFIRMED.

John F. DeRosier
District Attorney
Karen C. McLellan
Assistant District Attorney
901 Lakeshore Drive, Suite 600
Lake Charles, Louisiana 70601
(337) 437-3400
Counsel for Appellee:
    State of Louisiana

**Bruce G. Whittaker**
**Louisiana Appellate Project**
**Post Office Box 791984**
**New Orleans, Louisiana 70179**
**(504) 554-8674**
**Counsel for Defendant/Appellant:**
**Johnny W. Chambers**

**KEATY, Judge.**

On April 30, 2009, Defendant, Johnny W. Chambers, was charged with one count of sexual battery, a violation of La.R.S. 14:43.1, and four counts of simple rape of three different victims, violations of La.R.S. 14:43. On January 25, 2010, the State agreed to *nolle prosequi* the charge of sexual battery. A jury trial commenced on April 21, 2010. On April 23, 2010, the jury returned not guilty verdicts on counts one and two, a deadlocked verdict on count three, and the lesser included verdict of sexual battery on count four of simple rape. A pre-sentence investigation report was ordered and considered by the trial court. On August 11, 2010, Defendant was sentenced to six years at hard labor, without the benefit of parole, probation, or suspension of sentence, and with credit for time served.

Defendant filed an appeal asserting as error the trial court's permittance of "other crimes" evidence to be introduced and admitted to the jury. For the following reasons, we affirm the conviction of sexual battery.

## FACTS

Defendant was a longtime friend of the minor victim, C.L.'s,[1] family. Defendant, who was in his forties at the time the acts occurred, and who was referred to as "Uncle Johnny," offered to take the minor into his home during a time when C.L. was not getting along with his parents. Testimony established that, when C.L. was seventeen years old, Defendant supplied drugs and alcohol to him and then would perform oral sex on him.[2]

---

[1] The victim's and the victim's family's initials are used throughout the opinion to protect the identity of the victim. La.R.S. 46:1844(W).

[2] For purposes of this opinion, only the facts concerning the fourth count of simple rape and the subsequent conviction of sexual battery are discussed herein, as the jury did not find Defendant guilty of the remaining charges.

# ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. A review of the record revealed no errors patent.

# DISCUSSION

Defendant argues that the trial court committed reversible error when it allowed the testimony of the victim's step-brother to be admitted as "other crimes" evidence for the reason that the State failed to establish the mandated requirements for admission of other crimes evidence as set forth by La.Code Evid. art. 404(B), which, in pertinent part, provides:

> (1) Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.

In *State v. Rose*, 06-402, pp. 12-13 (La. 2/22/07), 949 So.2d 1236, 1243-44 (footnote omitted), the supreme court discussed the admission of "other crimes" evidence:

> It is well settled that courts may not admit evidence of other crimes to show the defendant as a man of bad character who has acted in conformity with his bad character. La. C.E. art. 404(B)(1); *State v. Williams*, 96-1023, p. 30 (La.1/21/98), 708 So.2d 703, 725; *State v. Prieur,* 277 So.2d 126, 128 (La.1973). Evidence of other crimes, wrongs or acts committed by the defendant is generally inadmissible because of the "substantial risk of grave prejudice to the defendant." *Prieur*, 277 So.2d at 128. However, the State may introduce evidence of other crimes, wrongs or acts if it establishes an independent and relevant reason such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. La. C.E. art. 404(B)(1). The State must provide the defendant with notice and a hearing before trial if it intends to offer

2

such evidence. *Prieur,* 277 So.2d at 130. Even when the other crimes evidence is offered for a purpose allowed under art. 404(B)(1), the evidence is not admissible unless it tends to prove a material fact at issue or to rebut a defendant's defense. *State v. Martin,* 377 So.2d 259, 263 (La.1979); *Prieur,* 277 So.2d at 130. The State also bears the burden of proving that defendant committed the other crimes, wrongs or acts. *State v. Galliano*, 2002-2849, p. 2, (La.1/10/03), 839 So.2d 932, 933 (per curiam).

Although a defendant's prior bad acts may be relevant and otherwise admissible under La. C.E. art. 404(B), the court must still balance the probative value of the evidence against its prejudicial effects before the evidence can be admitted. La. C.E. art. 403. Any inculpatory evidence is "prejudicial" to a defendant, especially when it is "probative" to a high degree. *State v. Germain*, 433 So.2d 110, 118 (La.1983). As used in the balancing test, "prejudicial" limits the introduction of probative evidence of prior misconduct only when it is unduly and unfairly prejudicial. *Id. See also Old Chief v. United States*, 519 U.S. 172, 180, 117 S.Ct. 644, 650, 136 L.Ed.2d 574 (1997)("The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.").

Prior to the seating of the jury, the trial court took up the issue of the State's Notice of Intent to Use Other Crimes Evidence filed on February 2, 2010. M.W., the victim's step-brother, testified at the hearing. He stated that when he was twenty years old, he and an older brother went to "Uncle Johnny's" house to visit C.L. and party. C.L. was not there that night. He stated that he and his brother drank alcohol, ingested cocaine, and smoked marijuana with Defendant. According to his testimony, he and his brother passed out on couches in the living room. He woke up in the middle of the night and felt a hand on his penis. He slapped the hand away and looked around. Eventually, M.W. saw Defendant crawling on his hands and knees through the living room towards his bedroom. M.W. stated that he told his mother first and then went looking for C.L. When confronted, C.L. initially denied any problems with Defendant but later admitted to M.W. that Defendant had "messed with him." M.W. then told C.L.'s mother, who called the police.

The State argued that Defendant's pattern was to encourage the victims to become inebriated before attempting to perform sexual acts on them. At the hearing, the State argued that M.W.'s testimony was relevant because "[i]t's the same modus operandi . . . to show absence of any—any mistake or accident, in addition to prove a plan."

Defendant argued that the acts were not at all similar in that M.W. was an adult at the time of the incident, and when the alleged acts with the minors occurred, they were not passed out, and they participated. Furthermore, Defendant asserts that M.W.'s testimony was so prejudicial that it denied him a fair trial.

At the *Prieur*[3] hearing, the trial court questioned the State on whether the simple rape charges were premised on impairment due to intoxicating agents. After assurance from the State that both C.L. and M.W. were impaired due to intoxicating agents at the time Defendant attempted to engage in sexual acts with them, the trial court stated:

> When reviewing the testimony that has been here, the Court's satisfied that through the testimony of Mr. [W.] it was established that an act occurred post-incident in this situation. That act involved an alleged improper contact based on impairment and certain situations that would fall within the motive, opportunity, intent, preparation exception.

> In reviewing 403, evaluation would find that the probative value—since that is an integral piece of evidence and the fact of impairment generally is difficult to prove because of the fact of impairment, if it occurred, the Court would find that the probative value outweighs the prejudicial value and would allow Mr. [W.] to testify.

"The defendant bears the burden to show that he was prejudiced by the admission of the other crimes evidence. Absent an abuse of discretion, a trial court's ruling on the admissibility of evidence pursuant to LSA–C.E. art. 404(B)(1)

---

[3] *State v. Prieur,* 277 So.2d 126 (La.1973)

will not be disturbed." *State v. Miller*, 10-718, p. 12 (La.App. 5 Cir. 12/28/11), 83 So.3d 178, 187 (citation omitted).

This court finds that the trial court did not abuse its considerable discretion when it allowed M.W.'s testimony at trial. The State established independent relevance to prove the material facts in the case. Although M.W. was not a minor at the time of the offense, he was drinking alcohol supplied by Defendant and ingesting drugs in Defendant's home, and with Defendant's knowledge, before Defendant attempted to engage in sexual behavior with him. The same pattern occurred with C.L. The testimony showed preparation and plan for the commission of the offense by Defendant. Accordingly, this assignment lacks error.

## DECREE

For the foregoing reasons, we affirm Defendant's conviction and sentence.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.