HUGHES, J.,
dissents and would grant the writ.
pLa.Code of Evidence article 1104 provides that “The burden of proof in a pretrial hearing held in accordance with State v. Prieur, 277 So.2d 126 (La.1978) shall be identical to the burden of proof required by Federal Rules of Evidence Article IV, Rule 404.”
The latest pronouncement on the issue by the United States Supreme Court provides “such evidence should be admitted if there is sufficient evidence to support a finding by the jury that "the defendant committed a similar act.” Huddleston v. United States, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988).
La.Code of Evidence article 404(B) simply provides that “the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at the trial for such purposes.” Here, the state submitted store reports of prior thefts at TJ Maxx stores in Metairie and Harahan (the current charge involves a theft at a West Bank TJ Maxx store) including photographs, and represented to the court that the author of the reports could identify the defendant as the person who committed the prior thefts.
Even without considering that the strict rules, of evidence do not apply in pre-trial matters, the state has presented sufficient evidence to support a finding by the jury that -the .defendant committed the similar acts. The evidence should be admitted for the jury’s consideration.